1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 ANTHONY UDOM,
Detainee No. A023503206,

12
                                                Civil No.        12cv0783 BTM (MDD)

                                Plaintiff,
13
                                                **ORDER:**

14                                              **(1)  GRANTING MOTION TO
                                                PROCEED *IN FORMA PAUPERIS*
                                                [ECF No. 2];**
15                          vs.

                                                **(2)  SUA SPONTE DISMISSING
16                                              COMPLAINT FOR FAILING TO
                                                STATE A CLAIM PURSUANT TO 28
17 WARDEN; OFFICER TELLECHA;                    U.S.C. § 1915(e)(2); and**
SAN DIEGO CORRECTIONAL
18 FACILITY,                                    **(3) DENYING MOTION TO SUBMIT
                                                SUPPLEMENTAL INFORMATION
19                              Defendants.      TO COURT FILES WITHOUT
                                                PREJUDICE [ECF No. 5.]**
20

21

22         Anthony Udom ("Plaintiff"), currently detained at the San Diego Correctional Facility

23 located in San Diego, California, and proceeding pro se, has filed a civil action.  Plaintiff has

24 filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No.

25 2].  In addition, Plaintiff has filed a "Motion to Submit Supplemental Information to Court

26 Files." [ECF No. 5.]

27 / / /

28 / / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets and it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

# II.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

1  which relief may be granted, or seek monetary relief from a defendant immune from such relief."

2  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

3  (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*

4  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits,

5  but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

6          Plaintiff purports to bring this claim against the San Diego Correctional Facility, a private

7  corporation, and its employees under the Administrative Procedure Act ("APA").  (*See* Compl.

8  at 1; citing 5 U.S.C. § 706.)  However, the Defendants are neither an agency of the Federal

9  Government nor are they employees of the Federal Government.  Therefore, any decisions made

10  by the San Diego Correctional Facility are not reviewable under the APA.  *See Spokane County*

11  *Legal Services, Inc. v. Legal Services Corp*., 614 F.2d 662, 669 (1980).

12          In addition, it appears that Plaintiff may be seeking to bring this action pursuant to the

13  Federal Torts Claim Act ("FTCA").  However, he fails to name the United States as a Defendant

14  in this action.  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680,

15  provides that the sovereign immunity of the United States is waived for suits resulting from torts

16  "caused by the negligent or wrongful act or omission of any employee of the Government ...

17  under circumstances where the United States, if a private person, would be liable to the claimant

18  in accordance with the law of the place where the act or omission occurred."  28 U.S.C.

19  § 1346(b). Thus, Plaintiff's FTCA claims against the named Defendants fail because the United

20  States is the only proper defendant for an FTCA claim against a federal employee for actions

21  taken within the scope of  their employment.  *See Ward v. Gordon*, 999 F.2d 1399, 1401 (9th

22  Cir. 1993).

23          Should Plaintiff seek to hold Defendant San Diego Correctional Facility liable for alleged

24  civil rights violations pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S.

25  388 (1971), this claims would also fail.  *Bivens* established that "compensable injury to a

26  constitutionally protected interest [by federal officials alleged to have acted under color of

27  federal law] could be vindicated by a suit for damages invoking the general federal question

28

1    jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S.

2    478, 486 (1978).

3         To state a private cause of action under *Bivens*, Plaintiff must allege:  (1) that a right

4    secured by the Constitution of the United States was violated, and (2) that the violation was

5    committed by a federal actor.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624

6    (9th Cir. 1988).  *Bivens* provides that "federal courts have the inherent authority to award

7    damages against federal officials to compensate plaintiffs for violations of their constitutional

8    rights."  *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

9    However, a *Bivens* action may only be brought against the responsible federal official in his or

10   her individual capacity.  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

11        However, *Bivens* does not provide a remedy for alleged wrongs committed by a private

12   entity alleged to have denied Plaintiff's constitutional rights under color of federal law.

13   *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is

14   to deter *the officer,*' not the agency.") (quoting *Meyer,* 510 U.S. at 485); *Malesko*, 534 U.S. at

15   66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities.").

16   Accordingly, Plaintiff cannot bring claims of civil rights violations against the San Diego

17   Correctional Facility.

18        In addition, the Supreme Court recently held that a prisoner cannot bring a *Bivens* action

19   against an employee of a private entity for damages pursuant to alleged Eighth Amendment

20   violations.  *See  Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012).

21        In *Minneci*, the Supreme Court held that

22   [W]here "a federal prisoner seeks damages from privately employed personnel working
     at a privately operated federal prison, where the conduct allegedly amounts to a violation
23   of the Eighth Amendment, and where that conduct is a kind that typically falls within the
     scope of traditional state tort law (such as the conduct involving improper medical care
24   at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a
     *Bivens* remedy in such a case."

25

26   *Id.*

27   / / /

28   / / /

1    Thus, while Plaintiff may be able to raise his Eighth Amendment claims against the

2   private employees as a tort claim in state court, his claim is not cognizable as a *Bivens* action in

3   this Court.

4        Plaintiff has also brought a "Motion to Submit Supplemental Information to Court Files."

5   [ECF No. 5.]  In this Motion, Plaintiff seeks to add additional factual claims against a party who

6   is not currently named as a Defendant in this matter.  Because the Court finds that dismissal of

7   the entire action is warranted for the reasons set forth above, the Court will DENY Plaintiff's

8   Motion to supplement the Complaint without prejudice. Plaintiff's Amended Complaint, should

9   he choose to file one, must be complete in itself and set forth all of his claims.

10                                    **III.**

11                           **CONCLUSION AND ORDER**

12       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

13       1.    Plaintiff's Motion to Submit Supplemental Information to Court Files [ECF No.

14   3] is **DENIED** without prejudice.

15       2.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

16   **GRANTED**.

17       **IT IS FURTHER ORDERED** that:

18       3.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

19   § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this

20   Order is filed in which to file a First Amended Complaint which cures the deficiencies of

21   pleading noted above.   Plaintiff's Amended Complaint must be complete in itself without

22   reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and

23   any claim not re-alleged in the Amended Complaint will be considered waived. *See King v.*

24   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).   If Plaintiff fails to file an Amended Complaint

25   within 45 days, the Court will prepare a final Order dismissing this action.

26

DATED:  July 5, 2012

27

28                    _____
                      BARRY TED MOSKOWITZ, Chief Judge
                      United States District Court