# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UDOM, Detainee No. A023503206, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN; OFFICER TELLECHA; SAN DIEGO CORRECTIONAL FACILITY, <br><br> Defendants. | Civil No.     12cv0783 BTM (MDD) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **[ECF No. 2];** <br><br> **(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2); and** <br><br> **(3) DENYING MOTION TO SUBMIT SUPPLEMENTAL INFORMATION TO COURT FILES WITHOUT PREJUDICE [ECF No. 5.]** |

     Anthony Udom ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil action. Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2]. In addition, Plaintiff has filed a "Motion to Submit Supplemental Information to Court Files." [ECF No. 5.]

/ / /

/ / /

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets and it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## II.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

Plaintiff purports to bring this claim against the San Diego Correctional Facility, a private corporation, and its employees under the Administrative Procedure Act ("APA"). (*See* Compl. at 1; citing 5 U.S.C. § 706.)  However, the Defendants are neither an agency of the Federal Government nor are they employees of the Federal Government.  Therefore, any decisions made by the San Diego Correctional Facility are not reviewable under the APA. *See Spokane County Legal Services, Inc. v. Legal Services Corp.*, 614 F.2d 662, 669 (1980).

In addition, it appears that Plaintiff may be seeking to bring this action pursuant to the Federal Torts Claim Act ("FTCA").  However, he fails to name the United States as a Defendant in this action.  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, provides that the sovereign immunity of the United States is waived for suits resulting from torts "caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, Plaintiff's FTCA claims against the named Defendants fail because the United States is the only proper defendant for an FTCA claim against a federal employee for actions taken within the scope of their employment. *See Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993).

Should Plaintiff seek to hold Defendant San Diego Correctional Facility liable for alleged civil rights violations pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971), this claims would also fail. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question

jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

However, *Bivens* does not provide a remedy for alleged wrongs committed by a private entity alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer*, 510 U.S. at 485); *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities."). Accordingly, Plaintiff cannot bring claims of civil rights violations against the San Diego Correctional Facility.

In addition, the Supreme Court recently held that a prisoner cannot bring a *Bivens* action against an employee of a private entity for damages pursuant to alleged Eighth Amendment violations. *See Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012).

In *Minneci*, the Supreme Court held that

> [W]here "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case."

*Id.*

///

///

Thus, while Plaintiff may be able to raise his Eighth Amendment claims against the private employees as a tort claim in state court, his claim is not cognizable as a *Bivens* action in this Court.

Plaintiff has also brought a "Motion to Submit Supplemental Information to Court Files." [ECF No. 5.] In this Motion, Plaintiff seeks to add additional factual claims against a party who is not currently named as a Defendant in this matter. Because the Court finds that dismissal of the entire action is warranted for the reasons set forth above, the Court will DENY Plaintiff's Motion to supplement the Complaint without prejudice. Plaintiff's Amended Complaint, should he choose to file one, must be complete in itself and set forth all of his claims.

### III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Submit Supplemental Information to Court Files [ECF No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

3. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, the Court will prepare a final Order dismissing this action.

DATED: July 5, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court